## SECOND DEPARTMENT, JUNE, 1964

## (June 1, 1964)

■ In the Matter of CHARLES CAVALLERI, Appellant, v. MADELINE CAVALLERI, Respondent.— In a proceeding to obtain full custody of a child, petitioner father appeals (as limited by his brief) from so much of an order of the Supreme Court, Queens County, dated December 11, 1962 (thereafter entered in Kings County), and made on the court's opinion and decision after a nonjury trial, as, on motion of the mother, modified a prior order by diminishing the father's visitation rights in several respects. Order of December 11, 1962 diminishing the father's visitation rights, modified on the law and the facts by adding a decretal paragraph granting to the father the right to have temporary custody of the child for a two-week period during the months of July or August, commencing in 1964, at a place and for any two-week period in said months selected by him. As so modified, the order, insofar as appealed from, is affirmed, with $50 costs and disbursements to the mother. Those findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. We find that the parents are equally responsible: (a) for their unfortunate disputes, some of which occurred in the child's presence; and (b) for any

emotional or mental damage sustained by the child. We find, however, that the child's well-being would be helped by the father's masculine influence for a two-week period during the Summer months; he should be given custody of the child for such period. Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur; Hill, J., concurs as to the modification, but dissents as to the affirmance of the order of December 11, 1962 insofar as it modifies the prior order of April 12, 1962 with respect to the father's visitation rights and diminishes such rights; and votes to deny the wife's motion to modify said prior order, with the following memorandum: The record in this case supports the finding of the learned Trial Justice "that both mother and father of this infant are interested in his welfare." However, it also appears from the record that the father possesses the necessary mental and other qualifications to properly care for his four-year-old son; and such a finding is implicit in the decision of the Trial Justice. Under the circumstances, I can find nothing new to justify modification of the prior consent order of May 11, 1962, except that the infant boy is older, which should more strongly entitle him to a father's companionship and guidance.